UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Clarence Ray Singleton,

            Petitioner,

vs.                               REPORT AND RECOMMENDATION

Lisa J.W. Hollingsworth,
Warden, FCI-Sandstone,

            Respondent.          Civ. No. 05-2082 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2241. The Petitioner appears pro se, and the Respondent appears by William H. Koch, Assistant United States Attorney. For reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be dismissed.

## II. Factual Background

On May 31, 1994, the Petitioner was arrested in the State of California on charges related to possession of methamphetamine. Petitioner's Memorandum, Docket

No. 2, at 2. On October 28, 1994, the Petitioner pled guilty to Possession of a Controlled Substance for Sale, and was sentenced, by a California State Court, to 365 days in the San Bernadino County Jail, in addition to three (3) years probation, and a $3,000.00 fine. On June 11, 1995, the Petitioner was released from Jail with his time served credited to his State Sentence. Id.

On August 13, 1996, the Petitioner was taken into Federal custody for various offenses involving the distribution of methamphetamine. United States Marshals Service Tracking System, Declaration of Diane Frederiksen, ("Frederiksen Decl.") Docket No. 8, Att. G. On September 24, 1998, the United States District Court for the District of New Mexico sentenced the Petitioner to a term of two hundred ten (210) months imprisonment, after he had been convicted of conspiracy to possess, with the intent to distribute, one kilogram or more of methamphetamine, in violation of Title 21 U.S.C. §§841(a)(1), 841(b)(1)(A), and 846. The Petitioner was committed to the custody of the Federal Bureau of Prisons ("BOP"), and he is currently incarcerated at the Federal Correctional Institution, in Sandstone, Minnesota.

On October 1, 1998, the Petitioner's previous defense counsel moved the Sentencing Court to clarify and/or correct the Petitioner's sentence, pursuant to Rule 35(c), Federal Rules of Criminal Procedure, and claimed that the Federal sentence

should run concurrently with the Petitioner's previous sentence from the California State Court. See, Petitioner's Memorandum, Ex. A. On November 12, 1998, the Sentencing Court granted the Petitioner's Motion, and ordered the Federal sentence to run concurrent with the Petitioner's State sentence. Id., Ex. B. The BOP calculated the Petitioner's sentence as beginning on September 24, 1998, the date on which the Petitioner's sentence was imposed. Frederiksen Decl., ¶9.

The Petitioner filed a Petition for a Writ of Habeas Corpus on September 9, 2005, alleging that the BOP calculated his term of custody in a manner that violated the Sentencing Court's Order, as well as Title 18 U.S.C. §3585(b). Specifically, the Petitioner asserts that the BOP's methodology for calculating his jail-time credit, under BOP Program Statement 5880.28, violates the statutory directives contained in Title 18 U.S.C. §3585(b), and accordingly, that he is entitled to more jail-time credit than he has been credited by the BOP. The Petitioner contends that he should now be credited with the time he was in State custody, for the period extending from May 31, 1994, to June 11, 1995. See, Petition, Ex. D; Petitioner's Reply to Respondent's Response, Docket No. 14, at 8.

The Petitioner has exhausted his administrative remedies as to the calculation of jail time credit issue, and the Petitioner's projected release date is November 10,

2011, after the application of good conduct time credits. See, <u>Declaration of Angela Buege</u>, ("<u>Buege Decl</u>."), <u>Docket No. 7</u>, ¶¶3, 6; <u>Id.</u> at Att. B.

### III. <u>Discussion</u>

A. <u>Standard of Review</u>. The Petitioner seeks relief under Title 28 U.S.C. §2241, which states, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless * * * (3) He is in custody in violation of the Constitution or laws or treaties of the United States * * *." While a prisoner who seeks to attack the validity of a Federal sentence must do so in the Sentencing Court, by Motion pursuant to Title 28 U.S.C. §2255, <u>Winston v. Mustain</u>, 562 F.2d 565, 566 (8th Cir. 1977), the Petitioner is correct in bringing his Petition under Section 2241, because it provides the exclusive remedy for challenging the BOP's calculation of a Federal sentence. See, <u>Matheny v. Morrison</u>, 307 F.3d 709, 711 (8th Cir. 2002)("A petitioner may attack the execution of his sentence through §2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under §2255 in the district of the sentencing court."), citing <u>Bell v. United States</u>, 48 F.3d 1042, 1043 (8th Cir. 1995).

The statutory scheme involving concurrent versus consecutive State and Federal sentences, credit for time-served, and the authority of the Courts, versus the authority

of the BOP, in making those decisions, has been described as a "labyrinth," which even the BOP considers as "probably the single most confusing and least understood sentencing issue in the Federal system." United States v. Smith, 101 F. Supp.2d 332, 334, 347 (W.D. Pa. 2000). As a consequence, we have afforded the Petitioner's claims the most indulgent of constructions. Williams v. Lockhart, 849 F.2d 1134, 1138 (8th Cir. 1988)(liberally construing Habeas Petition).

Indulgently construing the Petitioner's Habeas claim, we conclude that the Petitioner is asking us to require the BOP, pursuant to the Sentencing Court's Order, to credit him with the time that he served imprisoned in the State of California.

B.   Legal Analysis.   At the outset, we note our agreement with the Respondent, that the BOP properly calculated the Petitioner's sentence. The provisions, which relate to credit for prior custody, provide as follows:

> (b) Credit for Prior Custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence**.

Title 18 U.S.C. §3585(b)[emphasis added].

Under the plain language of this provision, the Petitioner is entitled to credit for the time he spent detained, prior to the date on which his sentence commenced, as a result of the offense for which the sentence was imposed. Here, the Petitioner was given credit, by the BOP, from August 13, 1996, which was the date on which the Petitioner was taken into Federal custody, through September 23, 1998, which was the date on which his Federal sentence was imposed. See, Buege Decl., Att. A, at 4. Such credit is appropriate under Section 3585(b)(1).

However, the language of Section 3585(b) is equally plain that "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992); see also, United States v. Kiefer, 20 F.3d 874, 875-876 n. 1 (8th Cir. 1994)("Because the time [the petitioner] served in state prison was credited against his Minnesota sentence, he does not appear to be entitled to a sentence credit under §3585(b), which only allows credit for time 'that has not been credited against another sentence'"), citing United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991); United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994); United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991). Given this language, it is manifest that a petitioner **cannot** be credited for

time in custody, when that time has already been credited towards another sentence. See, United States v. Wilson, supra at 334.

Here, the Petitioner received credit against his State of California sentence for the time he served from October 28, 1994, through June 11, 1995. See, Memorandum for San Bernadino County Jail Records, Frederiksen Decl., Att. E.  He was also credited, as to his State sentence, for the time he spent in State custody from May 31, 1994, thorough June 17, 1994.  San Bernadino Probation Officer's Report, Id., Att. F.  Accordingly, in accordance with Section 3585(b), the Petitioner may not be credited, as to his Federal sentence, with the time that had already been applied toward his State sentence.  See, United States v. Kramer, supra at 132 (affirming BOP's denial of double credit for time credited on a State sentence), citing McIntyre v. United States, 508 F.2d 403, 404 (8th Cir. 1975), cert. denied, 422 U.S. 1010 (1975), for the proposition that a "federal prisoner [is] not entitled to credit on a federal sentence when he received credit toward his state sentence for that same time period." Accordingly, we find that the BOP properly calculated any credits that the Petitioner should properly receive.

The Petitioner also contends that, pursuant to the Federal Sentencing Court's Order, his State and Federal sentences were to run concurrently.  Indeed, the

Sentencing Court ordered that the Petitioner's sentence should "run concurrent to his conviction in San Bernardino County Superior Court, Barstow, California Cause No. FBA01374." Judgment, Frederiksen Decl., Att. A, at 4. The Petitioner argues that his State sentence was still operative at the time of his arrest by Federal officials, as he was still subject to the terms of his probation.

A Federal sentence "commences on the date the defendant is received in custody * * * to commence service of sentence at[] the official detention facility at which the sentence is to be served." Title 18 U.S.C. §3585(a); Reno v. Koray, 515 U.S. 50, 58 (1995); Kendrick v. Carlson, 995 F.2d 1440, 1444 (8th Cir. 1993). The sovereign which first arrests an offender retains primary jurisdiction over the offender, unless jurisdiction over the offender is relinquished by, for example, bail release, dismissal of the State charges, parole, or expiration of the first sentence. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005), citing United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y 1993).

Since the Petitioner's Federal sentence was imposed on September 24, 1998, the Federal sentence could not commence until on or after that date. Accordingly, the Sentencing Court's Order, which directed that the Federal sentence would run concurrently with the State sentence, did not require -- indeed, could not require -- that

the Petitioner's Federal sentence would begin with the commencement of his State sentence. See, <u>United States v. Wilson</u>, 503 U.S. 329, 331-35 (1992)(acting through the BOP, the Attorney General, and not the Sentencing Court, is responsible for awarding credit for time served on a Federal sentence); <u>United States v. Pardue</u>, 363 F.3d 695, 699 (8th Cir. 2004)("A district court cannot apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.'"), quoting <u>United States v. Wilson</u>, supra at 333; see also, <u>Title 18 U.S.C. §3585(a)</u>("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.").

Instead, what the Sentencing Court may have contemplated was some potential that the Petitioner would face additional time for violating the terms of his State probation. In his Motion to Clarify and/or Correct Sentence, the Petitioner's attorney argued that the Sentencing Court had "the discretion to impose a sentence to either run concurrent or consecutive to the <u>undischarged term of imprisonment</u>."  See, <u>Petitioner's Memorandum</u>, Ex. A., at 2 (emphasis added). The Sentencing Court exercised its discretion and, by its Order, permitted the Federal sentence to run concurrently with the undischarged term of State imprisonment. However, no such

probation violation, with subsequent time served under State Court Order, appears in this Record, or is claimed by the Petitioner, and, as we have noted, any time credited on that State Court sentence could not legitimately be credited to the Petitioner's Federal sentence. Accordingly, we find no conflict presented by the Sentencing Court's Order, that the Petitioner's Federal sentence should run concurrently with the Petitioner's undischarged State sentence, and the BOP's calculation of the Petitioner's jail time credit.

Lastly, the Petitioner contends that BOP Program Statement 5880.28, which prohibits a Federal sentence from commencing prior to the date on which it is imposed, conflicts with Title 18 U.S.C. §3585(b), as the latter includes mandatory language requiring that a defendant shall be given credit for time spent in official detention. Petitioner's Memorandum, supra at 5-6, citing United States v. Smith, 318 F. Supp. 2d 875, 878 (C. D. Cal. 2004)("Section 3585(b) mandates that a defendant 'shall' be given credit for time spent in official detention 'prior to the date the sentence commences.'"). However, the Petitioner fails to recognize the import of the last clause of Section 3585(b), which exempts the mandatory credit in instances where the time served was credited to another sentence -- here, a State Court sentence. See, Section 3585(b). Therefore, the Petitioner's citation to United States v. Smith is

inapposite, since there, the Court found "no allegation or evidence presented that the 18 months at issue ha[d] been credited against another sentence," supra at 878, which is distinctly in contrast to the situation here, where such a crediting has occurred. Accordingly, we find no conflict between the BOP's Program Statement, and Section 3585(b), and further finding the Petitioner's arguments to be without merit, we recommend that his Petition be dismissed.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petitioner's Application for Habeas Corpus Relief under Title 28 U.S.C. §2241 [Docket No. 1] be dismissed.

Dated: April 19, 2006                    *s/Raymond L. Erickson*
                                         Raymond L. Erickson
                                         CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than May 5,**

**2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than May 5, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.