UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CLARENCE RAY SINGLETON,<br><br>Petitioner,<br><br>v.<br><br><br><br><br>LISA J. W. HOLLINGSWORTH,<br>Warden, FCI Sandstone,<br><br>Respondent. | Civil No. 05-2082 (PJS/RLE)<br><br><br><br>ORDER ADOPTING<br>REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE DATED<br>APRIL 19, 2006 |

Clarence Ray Singleton, No. 1182-051, FCI Sandstone, Post Office Box 1000, Sandstone, MN 55072-1000, petitioner *pro se.*

William H. Koch, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 300 South Fourth Street Suite 600, Minneapolis, MN 55415, for respondent.

This matter is before the Court on petitioner Clarence Ray Singleton's objections to the April 19, 2006, Report and Recommendation of Chief Magistrate Judge Raymond L. Erickson. Judge Erickson recommends the dismissal of Singleton's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The Court has reviewed the record de novo, as required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Singleton's objections, adopts the Report and Recommendation, and dismisses the habeas petition.

Judge Erickson's report is careful and thorough, and little need be added.

Singleton was convicted in state court for a drug offense and served his sentence *before* he was sentenced in federal court for a related drug offense. Singleton is seeking to have the time that he served on the state conviction credited against the time that he must serve on the federal conviction. As Judge Erickson explained, what Singleton seeks is foreclosed by 18 U.S.C. § 3585(b), because the time that Singleton served on his state conviction was already "credited against another sentence." A defendant cannot have time that he spends in jail on a state offense before he is sentenced on a federal offense credited toward both his state and federal sentences, for that would give the defendant "double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992).

Such "double credit" is not, as Singleton suggests, authorized by § 5G1.3 of the United States Sentencing Commission Guidelines. That guideline applies only to a term of imprisonment that is "undischarged." At the time that Singleton received his federal sentence, the term of imprisonment imposed for his state conviction had been discharged. Singleton himself has conceded as much: "At the time that the sentencing court made [its] Order, the Petitioner had discharged his state sentence." Objections to Report and Recommendation 5. In short, under 18 U.S.C. § 3585(b), Singleton was not permitted to receive credit toward his federal sentence for the time that he had previously served on his state sentence, and nothing in the sentencing guidelines was to the contrary.

Of course, a prisoner can receive credit toward a federal sentence for time served on a state sentence (1) if those two sentences are served *at the same time* and (2) if a judge has ordered that the two sentences run concurrently. But only the latter of these

two requirements is met in Singleton's case.  It is true that, on November 12, 1998, Judge Bruce D. Black signed an order (apparently prepared by Singleton's attorney) that directed that Singleton's federal sentence "run concurrent to" Singleton's state sentence.  The problem is that Judge Black was ordering the impossible.  Singleton's federal sentence could not, by definition, run "concurrent to" — that is, at the same time as — Singleton's state sentence, because Singleton had served all of his time on his state sentence before his federal sentence was imposed.

It is not clear what Judge Black had in mind.  It seems unlikely that Judge Black meant to order that Singleton receive credit toward his federal sentence for the time *already* served on his state sentence.  As noted, such a result was foreclosed by 18 U.S.C. § 3585(b).  It seems equally unlikely that Judge Black meant to order that Singleton receive credit toward his federal sentence for the time *yet to be served* on his state sentence, because, by the time that Judge Black's order was entered, Singleton had served the entire term of imprisonment imposed by the state court.

Perhaps, as Judge Erickson speculated, Judge Black "contemplated [that there] was some potential that the Petitioner would face additional time for violating the terms of his State probation."  Report and Recommendation 9.  According to Singleton, that "potential" was nonexistent.  Objections to Report and Recommendation 4-5.  According to the government, it was "remote."  Gov't's Resp. 6.  What matters, though, is that Singleton did not serve a single day in jail on his state conviction after his federal sentence was imposed.  Because Singleton did not serve any part of his state sentence

-3-

concurrently with any part of his federal sentence, Judge Black's order does not give Singleton the right to credit toward his federal sentence.

In sum, no matter how Judge Black's order is interpreted, Singleton is not entitled to receive credit toward his federal sentence for any of the time that he served on his state sentence.

ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, the Court overrules Singleton's objections [Docket No. 16] and adopts Judge Erickson's Report and Recommendation [Docket No. 15].

Accordingly, IT IS HEREBY ORDERED THAT Singleton's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 [Docket No. 1] is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2006.                         s/Patrick J. Schiltz
                                              PATRICK J. SCHILTZ
                                              United States District Court Judge